## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **STEVEN W. KIRK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-08-1101-HE** |
| | ) | |
| **DAVID PARKER, Warden,** | ) | |
| | ) | |
| **Respondent** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. §2254 seeking a writ of habeas corpus.  Pursuant to an order entered by U.S. District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the action be dismissed on filing for lack of jurisdiction.

By this action, the Petitioner challenges his conviction upon his plea of nolo contendere of first degree murder, for which he was sentenced to life imprisonment without parole.  Case No. CF-94-1510, District Court of Cleveland County. Petitioner raises four grounds in support of his petition for federal habeas corpus relief: (1) that his plea was not voluntary, and was unlawfully induced; (2) that his conviction was obtained in violation of his right against self-incrimination; (3) that he was denied the effective assistance of counsel; and (4) that he is "wanting to change [his] plea, and enter a defense in my behalf for the

victim's family."  Petition, p. 5-6.

Petitioner filed a previous petition seeking a writ of habeas corpus in this Court in 2001, wherein his sole ground for relief was that "Life without parole is an indeterminate sentence, vague, inconclusive."  Kirk v. Oklahoma State Pen., No. CIV-01-685, Docket No. 1,  p. 5 (W.D. Okla. May 2, 2001).  As supporting facts, Petitioner alleged that "there is no completion date to it, I was 'not' sentence [sic] to death by imprisonment" and that "as a result I am undergoing psychiatric treatment for post traumatic stress syndrome, and taking Paxil."  Id.  On June 8, 2001,the undersigned recommended that the petition be dismissed as untimely, and Judge Tim Leonard adopted that recommendation on November 30, 2001.  Doc. No. 5 (June 8, 2001), adopted Doc. No. 7 (Nov. 30, 2001).  Petitioner appealed, and the Tenth Circuit Court of Appeals affirmed this Court's dismissal of the petition as untimely.  Kirk v. Mullin, No. 01-6442, 42 Fed. Appx. 336 (10th Cir. July 9, 2002).

## I. SCREENING REQUIREMENT

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases.  Likewise, courts are obliged to examine their jurisdiction sua sponte and dismiss any action where it is lacking.  See Fed. R. Civ. P. 12(h)(3); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative, at any stage in the litigation . . . .") (internal citation omitted); Hardiman v. Reynolds, 971 F.2d 500, 502 (10th Cir. 1992) (noting that "a court must raise

2

a defense sua sponte if that defense implicates the court's subject matter jurisdiction.").

The undersigned's initial review of the instant petition shows that it is second and successive to the earlier petition for a writ of habeas corpus referenced above, and that Petitioner has not obtained proper authorization to file a second petition. Thus, this Court is without jurisdiction to consider it. Furthermore, for the reasons stated below, the undersigned finds that the action should be dismissed rather than transferred to the Tenth Circuit Court of Appeals. 28 U.S.C. §§ 1631, 2244(b)(3)(A).

## II. SECOND AND SUCCESSIVE PETITIONS

Title 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254, and further provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The statutory requirement for prior authorization is jurisdictional. Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir. 1998) (because the petitioner did not obtain prior authorization to file a successive habeas petition, "the district court lacked jurisdiction to decide his unauthorized second petition"), overruling on other grounds recognized in Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006); 28 U.S.C. § 2244(b)(3)(A).  It should be noted that a dismissal of a previous habeas petition on grounds of untimeliness is a disposition on the merits, triggering the requirement for prior authorization:

[Petitioner] previously filed a § 2254 petition in 1998, in which he challenged

the same convictions. The district court denied relief on the ground that the petition was filed beyond the one-year period set forth in 28 U.S.C. § 2244(d). In spite of [Petitioner's] arguments to the contrary, a dismissal on statute of limitations grounds is a disposition on the merits. See Fed.R.Civ.P. 41(b) ("Unless the dismissal order states otherwise, any [involuntary] dismissal ...-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits."); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128-29 (10th Cir.1991) (holding that "a dismissal on limitations grounds is a judgment on the merits.").

Parker v. Dinwiddie  258 Fed.Appx. 200, 201(10th Cir. Dec. 7, 2007).[1]

Petitioner neither alleges nor demonstrates that he has received the prior authorization from the Tenth Circuit Court of Appeals necessary for consideration of his second application for federal habeas relief challenging the conviction in Case No. CF-94-1510, District Court of Cleveland County.  Therefore, this Court is without jurisdiction to consider his petition.

Until recently, district courts routinely transferred unauthorized second or successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631, often operating under the assumption that such a transfer was required by Circuit precedent interpreting § 2244(b).  Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (stating that "when a second or successive petition for habeas corpus relief

---

[1]This and any other unpublished disposition are cited solely for persuasive value pursuant to Tenth Circuit Rule 32.1.

under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice  pursuant to § 1631").[2]  However, the Tenth Circuit has now instructed that <u>Coleman</u> "should not be read to limit the traditional discretion given to district courts under  § 1631."  <u>In re Cline</u>, 531 F.3d 1249, 1252 (10th Cir. 2008).  Instead, the district court may either transfer the action to the Tenth Circuit for prior authorization if it is in the interest of justice to do so under § 1631, or dismiss it for lack of jurisdiction.  <u>Id.</u>

Here, the undersigned finds that the interest of justice does not require transfer of this action to the Tenth Circuit Court of Appeals.  The three primary considerations governing a court's decision to transfer rather than dismiss are (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year limitations period governing federal habeas petitions; and (3) whether the claims are likely to have merit.  <u>See</u> <u>In re Cline</u>, 531 F.3d at 1251.

The first consideration does not support transfer in this case because the statutory

---

[2]Section 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade – making it difficult for Petitioner to show that the initial filing of his petition in this Court was done in good faith. See In re Cline, 531 F.3d at 1252.

Second, it does not appear that the limitations period would be problematic because the only claim that is even arguably timely – that raised in Ground Four – is based upon newly discovered evidence referenced in a letter dated September 23, 2007.[3] See Petition, p. 6. Petitioner states that he filed a state post-conviction application raising this claim, and the Oklahoma State Courts Network shows that this application was filed on January 29, 2008, with 237 days remaining in the one-year limitations period, assuming the one year period of limitations contained in 28 U.S.C. § 2244(d)(1)(D) applies. (the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.) Oklahoma State Courts Network, Docket for Case No. CF-1994-1510, District Court of Cleveland County, p. 30. The state post-conviction application remained pending until the state district court's denial of relief was affirmed by the Oklahoma Court of Criminal Appeals on August 18, 2008. Id. at 32; Oklahoma State Courts Network, Case No. PC-2008-388, Oklahoma Court of Criminal Appeals (Order Affirming Denial of Post Conviction Relief, Aug. 18, 2008). Thus, Petitioner would have until on or about April 13, 2009, to file an application for federal habeas relief based upon this "newly discovered

---

[3]The other three grounds in support of relief would have quite obviously been apparent at the time of Petitioner's conviction. See 28 U.S.C. § 2244(d)(1).

evidence." 28 U.S.C. § 2244(d)(2).

Finally, a "peek at the merits" leads the undersigned to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000). The state district court found that Petitioner's claim is not new, was known to both Petitioner and his attorney at the time his direct appeal was filed, and the Oklahoma Court of Criminal Appeals affirmed that decision. Oklahoma State Courts Network, Docket for Case No. CF-1994-1510, District Court of Cleveland County, p. 31 (accessed Oct. 28, 2008); Oklahoma State Courts Network, Case No. PC-2008-388, Oklahoma Court of Criminal Appeals (Order Affirming Denial of Post Conviction Relief, Aug. 18, 2008) (accessed Oct. 28, 2008). Accordingly, the undersigned finds that the interest of justice does not require transfer of this action pursuant to 28 U.S.C. § 1631.

Where there is "no risk" that a meritorious second claim will be lost, the Court does not abuse its discretion to dismiss rather than transfer. In re Cline, 531 F.3d at 1252. Accordingly, it is recommended that the Petition be dismissed for lack of jurisdiction due to Petitioner's failure to seek an order authorizing the district court to consider Petitioner's second or successive application for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the instant petition be dismissed without prejudice for lack of jurisdiction  Petitioner  is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 18th, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag. state.ok.us.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 29th day of October, 2008.


DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE